## WILBUR *v.* ELLEFSON.

### Opinion delivered June 20, 1910.

ACCOUNT—VERIFICATION—WHEN PRIMA FACIE CASE OVERCOME.—Though an account sued on, duly verified, is *prima facie* correct, under Kirby's Digest, yet where the defendant does not deny its correctness under oath, such *prima facie* case may be overcome by the plaintiff's testimony showing that he held no account against defendant.

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; affirmed.

#### STATEMENT BY THE COURT.

Appellee, Ellefson, brought suit against appellant for $79.20 upon an open account for goods, wares and merchandise. Appellant, Wilbur, filed answer admitting the correctness of the account, but set up a counterclaim for work done, with items attached amounting to $174.05 duly verified. Appellee denied the matters set up in the cross complaint, but did not verify his answer. No evidence was introduced except as to this counter claim.

The appellant testified as follows: "Mr. Ellefson is a concrete and cement contractor, and sells cement. I, myself, am a cement contractor. On or about the —— day of —— 190—, Mr. Ellefson came to me and told me that if I would go to Mr. Reynolds's residence I could get a job doing some concrete work. I went out to Mr. Reyonlds's house and built a concrete porch and some concrete steps. I made a calculation what the work was worth, charging the regular and customary price for my work and for material I had furnished, and presented a bill for same to Mr. Reynolds for payment. Mr. Reynolds refused to pay the same, and I brought this suit against him for said work. but failed to recover, and I have never been paid for this work. I afterwards made a demand upon Mr. Ellefson two different times for payment, but he refused to

pay same. The amount of the account is $184, and this is due and unpaid.

Appellant asked the court to instruct a verdict in his favor on his cross complaint, which the court refused, and appellant duly saved his exceptions.

The court on its own motion instructed the jury over appellant's objection as follows:

"1. Defendant admits this amount is due plaintiff, but sets up counterclaim against plaintiff in the sum of $174.05. This plaintiff denies. The jury will find for the plaintiff $79.20, the amount he sues for. And, if you find from a preponderance of the evidence that plaintiff owes defendant on the counterclaim sued for, you will find for defendant whatever amount you find plaintiff owes defendant, if anything.

"2. And if you find anything due defendant from plaintiff, you will strike a balance of the true sums so found and return your verdict accordingly."

The court also gave the following prayers of appellee, to which appellant excepted in gross.

"1. The court instructs the jury that the defendant can not recover on his counterclaim unless you find that he had a contract, either express or implied, with Ellefson for the building of the Reynolds porch; and that he can not recover if the contract was with Reynolds and not with Ellefson.

"2. The court instructs you that if you find from the evidence that the porch in question was not constructed in a good and workmanlike manner, then the defendant can not recover on his counterclaim."

The verdict and judgment were in favor of appellee in the sum of $79.20.

*Edwin Hiner,* for appellant.

A simple denial of a verified account is sufficient to put the burden on plaintiff of proving the correctness thereof. 46 Ark. 501.

*Ben D. Kempel,* for appellee.

A single exception to several instructions is not sufficient. 76 Ark. 482; 60 Ark. 250; 28 Ark. 8; 32 Ark. 223; 38 Ark. 528; 39 Ark. 337; 50 Ark. 348; 54 Ark. 16; 59 Ark. 312; 59 Ark. 370.

WOOD, J., (after stating the facts). Appellant contends that the court erred in instructing the jury that appellant's cross complaint was denied by appellee. Section 3151 of Kirby's Digest is as follows: "In suits upon accounts, the affidavit of the plaintiff, duly taken and certified according to law, that such account is just and correct shall be sufficient to establish the same unless the defendant shall, under oath, deny the correctness of the account, either in whole or in part; in which case the plaintiff shall be held to prove such part of his account as is thus denied by other evidence."

Under this statute appellant by his cross complaint with the account attached, duly verified, made out a *prima facie* case, *Hershy* v. *MacGreevy*, 46 Ark. 501. If appellant had introduced this account and rested there, he would have been entitled to judgment for the difference between his account and that of appellee, which was conceded to be correct. But appellant testified as a witness, and his testimony disclosed the fact that he had no account whatever against appellee, that the account on which he sued appellee was for work and labor performed for one Reynolds, and not for appellee. Appellant's own testimony shows that there was no privity of contract between himself and appellee as to the account upon which he sues appellee.

Upon appellant's own testimony there could be no recovery on the cross complaint against appellee. The judgment is therefore correct, and it is affirmed